UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

SHANNON SYMONDS, )
)
        Plaintiff, )
vs. )
) Case No.: 2011 _____
ROCKFORD SCHOOL DISTRICT #205 )
and LaVONNE SHEFFIELD, Individually, )
)
        Defendants. )

## COMPLAINT

NOW COMES SHANNON SYMONDS, by and through her attorney, DANIEL J. McGRAIL, bringing this action against Defendant, ROCKFORD SCHOOL DISTRICT #205, and states as follows:

### PARTIES

1. Plaintiff, SHANNON SYMONDS, is citizen of the United States and a former employee of Rockford School District #205.

2. Defendant, ROCKFORD SCHOOL DISTRICT #205 was at all relevant times a school district organized under the laws of the State of Illinois and conducting business in Winnebago County, Illinois.

3. Defendant, LaVONNE SHEFFIELD, is a citizen of the United States and Superintendent of Rockford School District #205.

### JURISDICTION AND VENUE

4. The jurisdiction in this Court is invoked pursuant to the Civil Rights Acts, *42 U.S.C. 1983 and 1988* and the Constitution of the United States.

5. This action is brought to seek redress for violations of Plaintiff's rights to free speech under the First Amendment to the Constitution of the United States.

6. This Court has pendent jurisdiction with respect to the state claims in Count III.

## FACTS

7. In August 2006, SHANNON SYMONDS began working for ROCKFORD SCHOOL DISTRICT #205 as a first grade teacher at Lewis Lemon School.

8. During her two years at Lewis Lemon School, SHANNON SYMONDS performed exceptionally as evidenced by her performance reviews and obtained a Masters Degree in Curriculum and Instruction.

9. In August 2008, SHANNON SYMONDS transferred to McIntosh School to teach third grade where she continued to perform at an exceptional level.

10. In addition to SHANNON SYMONDS's excellent performance as a teacher, she participated in numerous workshops, joined District 205's Rockford College Reading Specialist Initiative, organized and established an all-school ISAT kickoff each year, organized McIntosh's Beautification Day, organized Auburn Football Players reading/mentoring biweekly program, and helped earn a $1,000.00 library grant for McIntosh School.

11. On March 23, 2010, SHANNON SYMONDS was injured by one of her students at McIntosh who beat her repeatedly with his fists in a hallway with several witnesses present.

12. SHANNON SYMONDS reported the criminal conduct by completing a discipline referral and incident report regarding the battery and her resulting injuries, which she submitted to her principal's office.

13. In addition to reporting the criminal conduct, SHANNON SYMONDS requested to seek outside medical attention, which was initially denied.

14. After the union contacted the administration, SHANNON SYMONDS was allowed to seek outside medical attention.

15. No one from the district's administration contacted local law enforcement with regard to the battery to SHANNON SYMONDS as required by the policies of ROCKFORD SCHOOL DISTRICT #205.

16. Section 7.190 of the Board's policy and the District's Student Discipline Code state it is mandatory that the police are contacted when there is a battery to a staff member. Section 7.190 specifically states "Under Required Notices" that "A school staff member shall immediately notify the Office of the Building Principal in the event he or

she ... (3) observes a battery against any staff member. Upon receiving such a report, the Building Principal or designee shall immediately notify the local law enforcement agency..."

17. ROCKFORD SCHOOL DISTRICT #205's failure to follow its policy and report the battery perpetrated on SHANNON SYMONDS to local law enforcement is a result of Superintendent LaVONNE SHEFFIELD's custom, pattern and practice of concealing and distorting the true nature of student violence and other disruptive behavior within the Rockford public schools.

18. Prior to reporting the above criminal activity, SHANNON SYMONDS had received excellent evaluation reports and favorable classroom personal observations from her principals.

19. The three classroom personal observations of SHANNON SYMONDS' performance conducted by her principal shortly after the assault were the first negative observations SHANNON SYMONDS received since she began teaching at McIntosh.

20. In addition, SHANNON SYMONDS was not provided the required "post observation conference" until her last day of employment, June 4, 2010, in violation of the evaluation procedures.

21. Furthermore, SHANNON SYMONDS was not provided her fourth and final evaluation report until her last day of employment, June 4, 2010, wherein her principal for the first time rated her satisfactory instead of excellent.

22. On or about March 24, 2010, SHANNON SYMONDS received a letter from the Board of Education, stating that she, as a non-tenure teacher, would be terminated effective June 4, 2010 or the last day of pupil attendance, whichever is later.

23. On or about April 14, 2010, SHANNON SYMONDS received another letter from the Board of Education stating "...the Board modified the earlier resolution to reflect that you shall be honorably dismissed effective as of the end of the 2009-2010 school year and not re-employed in the 2010-2011 school year unless you apply for a vacant position for which you are qualified and thereafter rehired as the best qualified applicant by the Board."

24. In an April 27, 2010 Rockford Register Star article, the Superintendent, LaVONNE SHEFFIELD, stated, "My goal, regardless of color, is to have the most highly qualified and effective teachers in front of our youngsters."

25. In April 2010, SHANNON SYMONDS applied for 29 teaching positions for which she was qualified, but numerous less qualified applicants with less seniority were given many of the positions instead of her. For example, at McIntosh, where Shannon was on staff, the fifth-grade position was given to an applicant that was less qualified and new to the district. In addition, one of the first-grade positions was given to an applicant that was less qualified (no master's degree) and had less seniority. The other first-grade position at McIntosh was given to a teacher that had been dishonorably discharged, received unsatisfactory evaluations, had not obtained a master's degree and had less seniority.

26. In May 2010, SHANNON SYMONDS applied for 14 teaching positions at various schools wherein numerous less qualified applicants with less seniority were given the positions. For example, the two Language Arts positions as RESA were given to less qualified applicants that had less seniority.

27. In June 2010, SHANNON SYMONDS applied for 11 teaching positions at various schools wherein numerous less qualified applicants with less seniority were given the positions. For example, the third grade position at Ellis and kindergarten position as Lewis Lemon were given to applicants that were less qualified and new to the district.

28. On June 29, 2010, SHANNON SYMONDS sent an email to Superintendent Sheffield regarding her concerns of being passed over for teaching positions that were filled by less qualified applicants that were new to Rockford School District #205.

29. On June 29, 2010, Superintendent Sheffield replied stating in part "Please know that the principal makes the staffing recommendations."

30. On July 1, 2010, School Board Member Harmon Mitchell replied via email stating he contacted Shantina Davenport, Human Resources, and was informed that "…any decision that is made on the hiring of the teachers is done by the Principal of each school."

31. In July 2010, SHANNON SYMONDS applied for 11 teaching positions at various schools wherein numerous less qualified applicants with less seniority were given

the positions. For example, the Language Arts positions at Eisenhower and Kennedy were given to applicants that were less qualified and new to the district.

32. On July 15, 2010, SHANNON SYMONDS interviewed for the K-2 position at Page Park School and later that day received a voicemail from Nikki Dawson, assistant principal, stating she was going to recommend SHANNON SYMONDS for the position.

33. On July 22, 2010, Nikki Dawson contacted SHANNON SYMONDS advising her she was not placed in the position and that she (Nikki Dawson) was not familiar with the individual that was placed, which was Jessica Locke, who is less qualified and new to the district.

34. Throughout July 2010, SHANNON SYMONDS, as well as others on her behalf, contacted members of the Board of Education and administration regarding concerns of injustices in ROCKFORD SCHOOL DISTRICT #205's hiring/rehiring process of non-tenured teachers, including SHANNON SYMONDS.

35. The concerns addressed were that the most qualified teachers were not being hired and taxpayer dollars that had been invested in training terminated teachers for ongoing education at Rockford College was being wasted.

36. On July 27, 2010, Superintendent Sheffield contacted SHANNON SYMONDS via telephone and warned her to stop emailing and calling School Board members about her views and concerns of the hiring process.

37. SHANNON SYMONDS continued to contact the School Board regarding the injustices of the hiring process and informed them that Superintendent Sheffield had instructed her to stop emailing the Board Members and the Superintendent's office.

38. In August 2010, SHANNON SYMONDS applied for seven teaching positions at various schools wherein numerous less qualified applicants with less seniority were given the positions. For example, the second-grade position at Conklin was given to an applicant that had no master's degree and less seniority. The first-grade position at Lewis Lemon, the Language Arts position at RESA, the fifth-grade positions at Lathrop and Whitehead all were given to less qualified applicants that were new to the district.

39. On August 13, 2010, SHANNON SYMONDS applied for the fifth-grade position at Lathrop School.

5

40. The principal replied by stating "I am sorry but the job advertisement for Lathrop was a mistake and there is not an opening at this time."

41. However, the fifth-grade position at Lathrop School was filled by an applicant who was new to the district and less qualified than SHANNON SYMONDS.

42. In September 2010, SHANNON SYMONDS applied for 4 teaching positions at various schools wherein numerous less qualified applicants with less seniority were given the positions. For example, the fourth-grade position at Beyer was given to a less qualified applicant that was new to the district and the kindergarten position at Brookview was given to a less qualified applicant who did not have a master's degree and was new to the district.

43. On September 23, 2010, SHANNON SYMONDS applied for the Language Arts position at RESA.

44. Principal Gurley replied on September 24, 2010 via email stating "I am forwarding your resume to Bill Ady and I am really pushing to get you hired here at RESA. We, as an Admin team, discussed you yesterday and we all feel you would be an excellent addition to RESA."

45. The position was given to a less qualified applicant that was new to the district.

46. Upon information and belief, the Superintendent, LaVONNE SHEFFIELD, or someone in her administration at her direction, prevented SHANNON SYMONDS from being hired for the Language Arts position at RESA.

47. SHANNON SYMONDS was unable to obtain a teaching position within ROCKFORD SCHOOL DISTRICT #205 despite her excellent qualifications and work history because she was effectively "blacklisted" at the direction of the Superintendent, LaVONNE SHEFFIELD.

**COUNT I**
**LaVONNE SHEFFIELD**
**FIRST AMENDMENT VIOLATION**

1-47. SHANNON SYMONDS realleges and incorporates paragraphs 1-47 above as paragraphs 1-47 of Count I.

48. LaVONNE SHEFFIELD violated SHANNON SYMONDS' First Amendment rights by failing to rehire/hire her in numerous teaching positions because she exercised

her First Amendment right to speak out about matters of public concern related to the superintendent's hiring practices and decisions.

49. Similarly situated employees with less experience and qualifications that had not exercised their First Amendment right to speak out about matters of public concern were rehired and/or hired.

50. LaVONNE SHEFFIELD's unlawful conduct has caused SHANNON SYMONDS significant economic and non-economic losses.

WHEREFORE, Plaintiff, SHANNON SYMONDS, demands judgment against Defendants as follows:

1. Award Plaintiff damages for loss of income;
2. Award Plaintiff damages for the value of her loss of employee benefits;
3. Award Plaintiff reinstatement of employment;
4. Award Plaintiff damages for emotional distress and other non-economic damages provided by law;
5. Award Plaintiff punitive damages with respect to the individual defendant;
6. Award Plaintiff reasonable attorney's fees and costs; and
7. Award Plaintiff other and further relief as the Court may deem appropriate

### COUNT II
### ROCKFORD SCHOOL DISTRICT #205
### FIRST AMENDMENT VIOLATION

1-47. SHANNON SYMONDS realleges and incorporates paragraphs 1-47 above as paragraphs 1-47 of Count II.

48. ROCKFORD SCHOOL DISTRICT #205, at all relevant times, engaged in a custom, practice and policy of denying employees their First Amendment rights by tacitly approving the SHEFFIELD administration's intimidation of and retaliation against employees who voiced matters of public concern.

49. ROCKFORD SCHOOL DISTRICT #205 through customs, practices and policies violated SHANNON SYMONDS' First Amendment rights by failing to rehire/hire her in numerous teaching positions because she exercised her First Amendment right to speak out about matters of public concern related to the hiring practices and decisions of the District.

50. Similarly situated employees with less experience and qualifications that had not exercised their First Amendment right to speak out about matters of public concern were rehired and/or hired.

51. ROCKFORD SCHOOL DISTRICT #205's unlawful conduct has caused SHANNON SYMONDS significant economic and non-economic losses.

WHEREFORE, Plaintiff, SHANNON SYMONDS, demands judgment against Defendants as follows:

1. Award Plaintiff damages for loss of income;
2. Award Plaintiff damages for the value of her loss of employee benefits;
3. Award Plaintiff reinstatement of employment;
4. Award Plaintiff damages for emotional distress and other non-economic damages provided by law;
5. Award Plaintiff reasonable attorney's fees and costs; and
6. Award Plaintiff other and further relief as the Court may deem appropriate

## COUNT III
## STATE CLAIM
## ROCKFORD SCHOOL DISTRICT #205
## RETALIATORY FAILURE TO REHIRE/HIRE

1-47. SHANNON SYMONDS realleges and incorporates paragraphs 1-47 above as paragraphs 1-47 of Count III.

48. ROCKFORD SCHOOL DISTRICT #205 refused to rehire/hire SHANNON SYMONDS in retaliation for her reporting criminal activity, i.e., reporting a battery by a student that occurred at school.

49. Similarly situated employees with less experience and qualifications that had not reported criminal conduct by a student were rehired and/or hired.

50. ROCKFORD SCHOOL DISTRICT #205's unlawful conduct has caused SHANNON SYMONDS significant economic and non-economic losses.

WHEREFORE, Plaintiff, SHANNON SYMONDS, demands judgment against Defendants as follows:

1. Award Plaintiff damages for loss of income;
2. Award Plaintiff damages for the value of her loss of employee benefits;

3. Award Plaintiff reinstatement of employment;

4. Award Plaintiff damages for emotional distress and other non-economic damages provided by law;

5. Award Plaintiff reasonable attorney's fees and costs; and

6. Award Plaintiff other and further relief as the Court may deem appropriate

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and all issues so triable herein.

SHANNON SYMONDS, Plaintiff

By: _____
DANIEL J. McGRAIL, Plaintiff's Attorney

DANIEL J. McGRAIL
Attorney at Law
321 West State St., Suite 602
Rockford, IL 61101
(815) 961-8770